# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CODY MURPHY,**
**Claimant Below, Petitioner**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0801** (BOR Appeal No. 2054133)
(Claim No. 2019011603)

**SURGE STAFFING, LLC,**
**Employer Below, Respondent**


# MEMORANDUM DECISION

Petitioner Cody Murphy, by Counsel Robert L. Stultz, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Surge Staffing, LLC, by Counsel Evan J. Jenkins, filed a timely response.

The issue on appeal is compensability of the claim. On December 3, 2018, the claims administrator rejected the claim. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's rejection of the claim on March 28, 2019. This appeal arises from the Board of Review's Order dated August 19, 2019, in which the Board of Review affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 12, 2018, Mr. Murphy presented to W. Z. Johnson, D.C., of Johnson Chiropractic Clinic, with complaints of neck pain and radiculopathy in the cervicothoracic spine, as well as mid back pain. Electrical stimulation was administered, and an off-work slip was provided with restrictions of light duty and lifting restrictions. On November 20, 2018, Mr. Murphy presented to MedExpress and reported hearing a "pop" while hanging a door at work. He complained of stinging and burning within the right shoulder. A diagnosis was offered of a sprain of the right shoulder, and an MRI was ordered. Mr. Murphy was placed on light duty and instructed to follow up within one week.

1

On December 3, 2018, the claims administrator issued an Order rejecting Mr. Murphy's claim. The Order stated that an investigation concluded the November 20, 2018, incident does not meet the compensability criteria required by the State of West Virginia. Per West Virginia Code § 23-4-1b, the compensable injury must occur in the course of and resulting from employment, and the investigation concluded the injury is pre-existing and unrelated to employment. Mr. Murphy protested the claims administrator's Order.

An MRI was performed on December 12, 2018, at WVU Medicine. The MRI revealed focal thickening and altered signal within the rotator cuff, consistent with tendinosis/tendinopathy and suspected partial-thickness undersurface tear involving the supraspinatus, extending into the margin with the infraspinatus near the musculotendinous junction. There was no evidence of focal full thickness tear or complete rotator cuff tear.

Mr. Murphy treated with Cecilia Harrington, M.D., on December 12, 2018. Mr. Murphy reported that he received a right shoulder injury while lifting up materials at work on November 20, 2018. Dr. Harrington reviewed the MRI and offered a diagnosis of partial tear of the right rotator cuff with acute right-shoulder pain. Mr. Murphy was to continue performing light duty and commence physical therapy.

Mr. Murphy followed-up with Dr. Johnson on December 14, 2018. Dr. Johnson reported that he treated Mr. Murphy on November 12, 2018, for neck pain with radicular symptoms into the right shoulder blade and mid-back pain that had bothered him for two days while working on firewood. He adjusted his cervical and thoracic spine, and Mr. Murphy was asked to miss work for a full recovery. Mr. Murphy returned to Dr. Johnson on November 20, 2018, with a new injury which was to his right shoulder as a result of lifting heavy windows and doors. Dr. Johnson stated that this injury was not present during the November 12, 2018, visit. At that visit, he had unrestricted use of his right arm. On November 20, 2018, Mr. Murphy's right shoulder revealed significant painful movements with muscle weakness and swelling. Dr. Johnson strongly suspected rotator cuff involvement, bicep tendon or right shoulder labrum. Upon reviewing the MRI, Dr. Johnson believed that it did show a right rotator cuff tear.

On February 15, 2019, Mr. Murphy testified by way of deposition that on November 20, 2018, he was lifting a wooden door, along with a co-worker, Mike Deggendorf, when he felt a pop, stinging, and burning sensation in his right shoulder. At that time, Mr. Deggendorf informed Ms. Poling, his supervisor, of the alleged injury. He stated that he was instructed to present to Dr. Johnson. However, because Dr. Johnson was not available, he went to MedExpress, where a sling was provided, an x-ray was ordered, and an MRI was recommended. He testified that he was referred to Dr. Harriot, where a cortisone shot was administered to his right shoulder. Mr. Murphy testified that he was still unable to raise his arm very high.

On February 22, 2019, an affidavit was submitted from Christine Poling. Ms. Poling, a supervisor in the paint room of the plant, stated that she directly supervised Mr. Murphy. She explained that employees work in two-man teams and that Mr. Murphy worked almost exclusively with Mike Deggendorf. Ms. Poling stated that Mr. Murphy was placed on unpaid leave the week of November 12, 2018. It was her understanding that he had injured his right shoulder while

chopping firewood and had previously injured the shoulder while playing football. She completed an Employee Absence Documentation Form on November 13, 2018, reflecting Mr. Murphy's status. Ms. Poling indicated that no light duty was available because as per company policy light duty is only provided for work-related injuries. She further indicated that Mr. Murphy returned to full duty work on November 19, 2018. He had taken off work the prior week because he had injured his shoulder while chopping firewood. Ms. Poling stated that on the morning of November 20, 2018, she noticed that Mr. Murphy was rubbing his shoulder. She advised him to get it checked out. Mr. Murphy punched out to see his chiropractor. Ms. Poling stated that Mr. Murphy did not indicate that he had injured his shoulder at work. It was not until later that she learned that he was claiming his injury as a work-related injury. She initiated an investigation and completed a Job Site Supervisor's Report. She asked Mr. Deggendorf if Mr. Murphy told him that he injured his right shoulder at work, and Mr. Deggendorf advised her that he had not.

On February 22, 2019, an affidavit was submitted from Michael Francis, a co-worker employed in the paint room. Mr. Francis stated that on November 20, 2018, Ms. Poling asked whether he was aware of work injuries that Mr. Murphy may have sustained. He said that he was not aware of any. Instead, Mr. Francis indicated that he had a conversation with Mr. Murphy, and he stated that he had injured his shoulder while chopping firewood over the weekend. Mr. Francis completed a Witness Statement on November 20, 2018.

In an affidavit dated February 22, 2019, Allison Hall stated that she is a co-worker of Mr. Murphy employed in the paint room. On November 20, 2018, Ms. Poling asked her whether she was aware of any work injuries that Mr. Murphy may have sustained. She recalled a conversation with Mr. Murphy on November 20, 2018, when he stated that he was off work for a week due to the fact that he tore his shoulder. At no point did he indicate that he actually injured his shoulder at work. Ms. Hall completed a Witness Statement on November 21, 2018.

A sworn affidavit of Mike Deggendorf, a laborer and colleague of Mr. Murphy was submitted on February 22, 2019. Mr. Deggendorf stated that Mr. Murphy was typically his paint-room partner and assisted in inspecting doors. On November 12, 2018, Mr. Deggendorf received a Facebook message from Mr. Murphy at 5:23 a.m., which stated that he would not be at work that day. That afternoon, at 2:00 p.m., Mr. Deggendorf sent a message, inquiring how Mr. Murphy threw his back out. Mr. Murphy replied, "Fire wood [sic]. I retore [sic] my rotator cuff." He was unaware of Mr. Murphy's alleged work-related right shoulder injury until he left his shift on November 20, 2018. Mr. Deggendorf denied hearing any pop at the time of the alleged injury. He stated that at no point did Mr. Murphy express to him the occurrence of any work-related shoulder injury.

Lori Cottrill, a Human Resources Workforce Manager with the Employer, testified in an Affidavit dated February 22, 2019, that she was contacted by Mr. Murphy on November 20, 2018, because his chiropractor had ordered an x-ray of his right shoulder. He suggested that he had injured his right shoulder at work that day. Ms. Cottrill met with Mr. Murphy later that afternoon, along with his parents. She completed an Incident Report. Mr. Murphy was offered modified duty.

An affidavit of Kim Stull dated February 22, 2019, stated that she is a Human Resource Workforce Manager, who works at the on-site facility where Mr. Murphy works as a laborer in the paint room. Ms. Stull stated that he did not present to work on Monday, November 12, 2018, which was eight days prior to his alleged injury. She stated that Mr. Murphy brought a note from Johnson Chiropractic Clinic dated November 12, 2018. He advised her that he had injured his back and shoulder while cutting firewood over the weekend and that he believed he had re-injured his rotator cuff that he originally injured while playing football.

On March 28, 2019, the Office of Judges affirmed the December 3, 2018, Order of the claims administrator. The Office of Judges concluded that the preponderance of the evidence establishes that Mr. Murphy did not suffer an injury in the course of and as a result of his employment on November 20, 2018. The Office of Judges reasoned that the affidavits in the record from the employer contradict Mr. Murphy's testimony that he injured his shoulder on November 20, 2018. The Office of Judges concluded that the affidavits support a finding that it is more likely than not that Mr. Murphy suffered a non-work-related injury. On August 19, 2019, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the rejection of the claim.

After review, we agree with the conclusions of the Office of Judges, as affirmed by the Board of Review. The evidence suggests that Mr. Murphy's injury did not occur in the course of his employment. Based upon the credible statements of Ms. Poling, Ms. Stull, Ms. Cottrill, Ms. Hall, Mr. Francis, and Mr. Deggendorf, the preponderance of evidence fails to demonstrate that Mr. Murphy suffered a compensable injury to his right shoulder while working for the employer on November 20, 2018.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison